IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL J. NORTON | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:10-cv-00091 |
| | § | |
| ASSISTED LIVING CONCEPTS, INC. | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM REJECTING NORTON'S QUASI ESTOPPEL ARGUMENT**

On May 16, 2011, the court received a communication from Norton regarding the court's May 13, 2011 "Memorandum Opinion and Order on Pending Motions" (Dkt. 65). In particular, Norton's communication concerns the court's denial of his "Motion for Summary Judgment on ALC's Counterclaim for Conversion" (Dkt. 34). *See* Dkt. 65, pg. 9-10. Norton points out that the court's denial of his motion did not address his argument that ALC's counterclaim is barred by the doctrine of quasi estoppel. The court acknowledges that its order did not address that argument of Norton's and, therefore, it will do so here.

Norton did not make the quasi estoppel argument in his original motion for summary judgment on the counterclaim (Dkt. 34). Rather, Norton raised the argument in an unopposed supplement to the motion (Dkt. 38-6), which on March 8, 2011, the court granted him leave to file (Dkt. 55). In the supplement, Norton argued that because ALC's "Motion for Partial Summary Judgment" (Dkt. 37) included as supporting evidence the document that is the basis for its counterclaim for conversion (Dkt. 24), ALC should be estopped from maintaining the counterclaim. As stated above, the legal basis for Norton's contention is the affirmative defense

known as quasi-estoppel. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (citation omitted). "The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Id.* (citation omitted). ALC did not respond to Norton's quasi estoppel argument.

The court finds that Norton has not carried his burden to show that the doctrine of quasi estoppel bars ALC's counterclaim. The court first notes that Norton, without citing any legal authority, is urging the court to inversely apply the quasi estoppel doctrine, i.e. he is urging the court to bar a previously asserted right because of an allegedly inconsistent position taken later. *See Lopez*, 22 S.W.3d at 864. But more importantly, Norton has not convinced the court that ALC's reliance on the allegedly converted document for its motion for partial summary judgment is inconsistent with its previously filed counterclaim for conversion. In other words, Norton has not shown how ALC's subsequent decision to put the document in the public domain makes it impossible for Norton to have converted it at an earlier date. If, as alleged, the document was at one point the confidential property of ALC's and Norton wrongfully took it, ALC's subsequent decision to make the document public would seem irrelevant. For these reasons, the court's denial of Norton's motion for summary judgment on ALC's counterclaim will stand.

**SIGNED this the 17th day of May, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE